er the privilege of arbitrarily excusing the juror shall be exercised."

■ We think it clear that the right to appear by counsel carries with it the right of counsel to interrogate each juror individually, to the end that he may form his own conclusion as to whether in the counsel's judgment he would be acceptable to him or whether on the other hand he should exercise a peremptory challenge to keep him off of the jury. Reich v. State, 94 Tex. Cr. R. 449, 251 S. W. 1072; Barnes v. State (Tex. Cr. App.) 88 S. W. 805; Gilmore v. State, 37 Tex. Cr. R. 81, 38 S. W. 787; Kerley v. State, 89 Tex. Cr. R. 199, 230 S. W. 163. Because the court erred in refusing to permit appellant's counsel a reasonable opportunity to examine the jurors individually on their voir dire, it is our opinion that the judgment should be reversed and cause remanded.

Appellant's other two bills of exception have been examined, but do not show reversible error as presented.

Reversed and remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### HARDY v. STATE.
#### No. 15156.

Court of Criminal Appeals of Texas.
Feb. 17, 1932.

Rehearing Denied April 6, 1932.

S. W. Pratt, of Cooper, and R. E. Eubank, of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for transporting intoxicating liquor, punishment being two years in the penitentiary.

■ The record is before us without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J.

■ Appellant moves for a rehearing on the ground that his attorney had applied for and obtained from the official court reporter a statement of facts, but had failed to file same within the time fixed by statute, and that he (appellant), being in jail, had no knowledge of the failure of his said attorney. This is to be regretted, but, in the wisdom of the lawmakers, no allowance is made in such cases for negligence on the part of the attorney who has been selected by the accused to represent him. The provisions of the statute are mandatory and require that the statement of facts be filed within ninety days after the giving of notice of appeal. Negligence and carelessness of one who is employed by one accused of crime cannot be offered as an excuse for failure to comply with the statutory requirement.

The motion for rehearing will be overruled.